UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MOHAMMED AHMED HASSAN ABDALLAH OMRAN | CIVIL ACTION NO. 17-cv-0064 |
| VERSUS | JUDGE HICKS |
| ROBERT WYCHE, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Mohammed Ahmed Hassan Abdallah Omran ("Plaintiff") is an immigration detainee who was previously held as a federal pretrial detainee at the Caddo Correctional Center ("CCC"). He filed a civil rights complaint (Omran v. Prator, 14 CV 2426) and complained that the sheriff and other jail officials violated his First Amendment rights when they did not provide him halal food to accommodate his Muslim religious dietary practice. This court granted summary judgment, and the Fifth Circuit affirmed. Omran v. Prator, 2016 WL 7496113 (5th Cir. 2016).

Plaintiff promptly filed this new civil action. His new complaint alleges the same facts as his First Amendment complaint, but it asserts new legal theories based on the Equal Protection Clause and Louisiana state law. Plaintiff once again sues Sheriff Prator, Commander Robert Wyche, Food Service Director Ardise Hicks, and Chaplain Whitaker. Plaintiff's new suit adds as defendants John Doe numbers 1-12, who Plaintiff says are the members of the Caddo Parish Board of Commissioners. For the reasons that follow, it is

recommended that Plaintiff's complaint be dismissed with prejudice on the grounds that all claims are barred by the doctrine of claim preclusion or fail to state a claim on which relief may be granted. It is also recommended that Plaintiff be barred from filing new suits or being granted pauper status unless authorized by a district judge.

**Relevant Facts**

Federal immigration agents attempted to place Plaintiff on flights back to his native Egypt, but Plaintiff refused to cooperate with efforts to board him. He screamed and yelled that he was being kidnapped and told pilots that he intended to be disruptive, which caused the pilots to refuse to allow him on board. The United States Attorney then indicted Plaintiff with two counts of failure to depart. Plaintiff, who insisted on representing himself at his jury trial, was convicted and sentenced to six months imprisonment. U.S. v. Omran, 14 CR 00035.

During the time Plaintiff awaited trial on his federal charges, he was housed as a pretrial detainee at CCC from late April 2014 until early February 2015 (just over nine months). Plaintiff represents that he has now served his criminal sentence and is being held as an immigration detainee at a facility in south Louisiana.

Plaintiff alleged in his original suit that, upon arrival at CCC, he sent a request to Chaplain Whitaker that he be provided with his religious diet. He received no response. He then wrote to Commander Wyche, and he received a staff response that Muslim prisoners

were provided pork-free diets. Plaintiff filed a grievance and complained that his religious diet required much more than being pork free. He demanded halal or kosher food.

Plaintiff filed suit against Wyche, Whitaker, Food Service Director Ardise Hicks, and Sheriff Steve Prator. He alleged a violation of the First Amendment. The court ordered the defendants to be served and respond. Defendants eventually filed a motion for summary judgment, and it was granted. Omran v. Prator, 2015 WL 9647662 (W.D. La. 2015), adopted, 2016 WL75088 (W.D. La. 2016). Plaintiff appealed to the Fifth Circuit, which affirmed summary judgment on the First Amendment claim. Plaintiff also argued that he had a claim based on the Equal Protection Clause. The Fifth Circuit responded, "Omran's equal-protection claim will not be considered because it was raised for the first time in his objections to the magistrate judge's report and recommendation, and the district court did not abuse its discretion in implicitly denying him leave to amend."

Within a few days of the Fifth Circuit's decision, Plaintiff returned to district court and filed in his original case, 14 CV 2426, a Motion for Relief From Court Judgment (Doc. 105). He asked for Rule 60 relief on the grounds that he inadvertently omitted his equal protection claim from his original complaint and arguments. A few days later, Plaintiff signed the complaint for this new civil action and mailed it to the clerk of court. Judge Hicks denied the Rule 60 motion. Doc. 107. The new complaint is before the undersigned for initial review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff's new complaint asserts the same diet-based allegations found in his 2014 complaint, all of which are based on the nine months that Plaintiff was housed at CCC. Plaintiff admits that this case "was originally filed" under 14 CV 2426, but he adds that the claims in this new action were not litigated in the previous case. Plaintiff essentially alleges the same facts but asserts new legal theories based on the Equal Protection Clause and Louisiana law that he says were not included in the prior case.

**Claim Preclusion; Failure to State a Claim**

Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. Test Masters Educational Services, Inc. v. Singh, 428 F.3rd 559, 571 (5th Cir. 2005). Res judicata is generally an affirmative defense that must be pleaded by a defendant, and not raised by the court *sua sponte*, but there is an exception for when the two actions were brought before the same court. LaCroix v. Marshall County, 409 Fed. Appx. 794, 798 (5th Cir. 2011). Dismissal by the court *sua sponte* is permissible in that setting in the interest of judicial economy. Boone v. Kurtz, 617 F.2d 435 (5th Cir. 1980). The court's invocation of the defense will serve the interest of judicial economy and avoid additional burdens on the defendants, the marshal, the clerk of court, and the judiciary that would be imposed if this new complaint were to be served and litigated further.

The test for claim preclusion has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent

jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. Test Masters, 428 F.3rd at 571. All are present in this case.

The parties in the two cases are identical with the exception of the several John Doe defendants named in the new suit who are said to be members of the Caddo Parish Board of Commissioners. The claims against the Commissioners lack any legal or factual basis. A Louisiana parish, governed by a police jury or commission, has the responsibility of providing a good and sufficient jail and for the physical maintenance of parish jails and prisons. But the administration of the jails is the province of the sheriff, not the parish. O'Quinn v. Manuel, 773 F.2d 605 (5th Cir.1985).

Commander Wyche and other deputies are employed by the sheriff, not the parish or parish commissioners. There is no basis for the liability of the parish government in this case. See Davis v. Bossier Parish, 2014 WL 3401168 (W.D. La. 2014) (dismissing claims against parish by inmate who alleged deputies failed to protect him from attack); Jones v. Anderson, 2012 WL 6814121 (W.D. La. 2012) (dismissing claims against parish by inmate who alleged jail guard beat him); and Rader v. Cowart, 2010 WL 3522371 (W.D. La. 2010) (dismissing claim against parish police jury by inmate who alleged deprivation of medical care).

Thus, element one of claim preclusion is present: the parties in the two suits are identical, with the exception of the commissioners, and all claims against them should be

dismissed as frivolous or for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Elements two and three are also satisfied: the judgment in the prior action was rendered by a court of competent jurisdiction, and the prior action was concluded to a final judgment on the merits. The fourth and final element of claim preclusion is present if the same claim or cause of action was involved in both actions.

To determine whether both suits involve the same cause of action, the Fifth Circuit uses the transactional test: a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. Id. The critical issue is whether the two actions are based on the "same nucleus of operative facts." New York Life Insur. Co. v. Gillispie, 203 F.3d 384, 387 (5th Cir.2000).

That element is plainly present. Both suits complain of the diet that was provided at CCC during Plaintiff's nine-month stay at the jail. The change in legal theories does not avoid that conclusion. "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." Borrego Springs Bank, NA v. Town of Bruce, 2012 WL 39533, *5 (N.D. Miss. 2012). That is because a "major function of claim preclusion is to force a Plaintiff to explore all the facts, develop all the theories, and demand all remedies in the first suit." 18 Wright, Miller & Cooper, Federal Practice & Procedure Juris. § 4408 (3d ed.). A plaintiff "cannot revive old facts under a new legal theory." Snow Ingredients, Inc. v. SnoWizard, Inc., 833 F.3d 512, 522 (5th Cir. 2016). "True *res judicata*

bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." Id.

Plaintiff's attempt to relitigate the same facts based on a legal theory that he could and should have asserted in the first complaint is a textbook example of a case that calls for the application of claim preclusion. This complaint should be dismissed based on claim preclusion and for the failure to state a non-frivolous claim against the Caddo commissioners.

**Sanctions**

A prisoner is generally prohibited from filing an action as a pauper if he has, on three or more prior occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous or failed to state a claim. 28 U.S.C. § 1915(g). The Fifth Circuit has recognized that Plaintiff has accumulated at least three strikes under Section 1915(g) so that "he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." Omran v. U.S., 2016 WL 4446073 (5th Cir. 12/30/2016).

This court originally responded to Plaintiff's request to proceed as a pauper in this case by notifying him that he was subject to the three-strikes rule. Plaintiff responded with the representation that he is no longer subject to the rule because he has completed his criminal sentence and is being held solely as an ICE immigration detainee. See Ojo v. INS, 106 F.3d 680 (5th Cir. 1997) (immigrant who served criminal sentence and was being held only for deportation was not a "prisoner" subject to the filing fee provisions of Section 1915).

However, the Fifth Circuit has twice noted that Plaintiff is an "immigration detainee" but nonetheless stated that Plaintiff was "barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. § 1915(g)." Omran v. Roy, 2017 WL 1048067 (5th Cir. 2017) and Omran v. United States, 2016 WL 4446073 (5th Cir. 2016). Plaintiff was also warned on both appeals "sanctions may be imposed in response to future frivolous filings." See also Omran v. Metrejean, 643 Fed. Appx. 339 (5th Cir. 2016) (affirming dismissal of frivolous complaint and warning of effect of accumulating three strikes).

It is not clear whether Plaintiff is currently subject to the Section 1915(g) bar, but that does not prevent the court from otherwise barring him from abusing his pauper status. Plaintiff has now filed several meritless cases with this court without being required to pay the filing fee in advance.[1] The court has a responsibility to see that its resources are allocated in a way that promotes the interests of justice. Martin v. District of Columbia Court of Appeals, 113 S.Ct. 397, 398 (1992). Plaintiff has abused the privilege that the court has afforded him of filing civil actions without prepayment of the filing fee, and that has resulted in a great waste of resources at the expense of litigants who have valid business before the court.

---

[1] Six of Plaintiff's civil actions have been dismissed, one voluntarily and the others for lack of merit, and at least three appeals have been deemed meritless. This and one other civil action remain pending.

A court "may structure sanctions necessary or warranted to control its docket and maintain the orderly administration of justice." Goldgar v. Office of Administration, 26 F.3d 32, 36 n. 3 (5th Cir. 1994). Among the available sanctions is a requirement that a litigant "obtain judicial pre-approval of all future filings" or a prohibition against any more *in forma pauperis* actions without a certification of good faith from the court. Id. This court has rarely ordered such drastic sanctions, but the sanction has sometimes been found to be the only way to stop a persistent filer of frivolous litigation. See, e.g. Simmons v. Malone, 06 CV 200, Docs 12 and 19; and Blackwell v. Overton Brooks Medical Center, 05 CV 415, Docs. 19 and 20. Each of those orders ended a string of frivolous actions filed by a pro se plaintiff that had needlessly wasted hundreds of hours of work by judges and chambers employees. Similar action is appropriate in this case to avoid more wasted resources required by Plaintiff's numerous, meritless complaints, which he will almost certainly continue to file absent strong preventive measures. Plaintiff has established a litigation history that demonstrates that a lesser sanction will not be sufficient to deter his frequent filings.

Plaintiff's litigation history warrants an order that the Clerk of Court not file any civil complaint submitted by Plaintiff unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. Any motion to proceed in forma pauperis that accompanies such a complaint should also be directed to a district judge for action. Those measures will protect the resources of

the judiciary and the public without unduly burdening Plaintiff's ability to access the courts if he ever has a serious, good faith complaint.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice based on the doctrine of claim preclusion and for failure to state a claim on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be ordered to decline to file any civil complaint submitted by Mohammed Ahmed Hassan Abdallah Omran unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. It is also recommended that any motion to proceed in forma pauperis that accompanies such a complaint be referred to a district judge for action.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of April, 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge